# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **FRIENDLY FINANCE SERVICE-MID CITY, INC., ET AL.** | **CIVIL ACTION NO. 05-1826** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ALONZO WILLIAMS, SR.** | **MAG. JUDGE KAREN L. HAYES** |

## OPINION

Pending before this Court is an Appeal [Doc. No. 1], brought by Friendly Finance Service-Mid City, Inc., and David McMillin ("Friendly Finance") from a Judgment rendered on September 8, 2005, by the United States Bankruptcy Court for the Western District of Louisiana ("Bankruptcy Court"). For the following reasons, the Bankruptcy Court's Judgment is AFFIRMED, and Friendly Finance's appeal is DENIED.

## I.     FACTS AND PROCEDURAL HISTORY

On June 30, 2004, Alonzo Williams, Sr. ("Mr. Williams") received a discharge from Chapter 7 bankruptcy in the Bankruptcy Court.[1]

On July 9, 2004, Mr. Williams applied for and received a loan from Friendly Finance in the amount of $3,157.44.

On March 9, 2005, Mr. Williams and his wife, Melvina Williams ("Mrs. Williams") (collectively "the Williams"), jointly filed a Chapter 7 bankruptcy petition in the Bankruptcy Court.[2]

---

[1] *In re Williams*, Case No. 04-30185.

[2] *In re Williams*, Case No. 05-30567.

1

On March 30, 2005, the Bankruptcy Court entered an order to show cause requiring the Williams to demonstrate why Mr. Williams should not be dismissed from the pending petition because he was ineligible to receive another discharge.[3] On May 11, 2005, Mr. Williams agreed that he was ineligible to be discharged from the pending petition, and he was dismissed from the petition.

On July 12, 2005, pursuant to 11 U.S.C. § 727, Friendly Finance filed a Complaint against Mr. Williams to recover payment on the loan it provided to him on July 9, 2004. The Complaint states in paragraph 4 that "[u]nder the provisions of Section 727, the Debtor [Mr. Williams] cannot obtain a discharge in this case and his discharge should be denied." *See* Compl. ¶ 4.

On July 14, 2005, the Bankruptcy Court issued an order to show cause why Friendly Finance's counsel should not be sanctioned in accordance with Federal Rule of Bankruptcy Procedure 9011(b)-(c) for failing to examine the records in the related bankruptcy case and determine that the very issue on which its Complaint was based had already been addressed by the Bankruptcy Court on May 11, 2005.

On September 7, 2005, the Bankruptcy Court conducted the hearing to show cause. On September 8, 2005, the Bankruptcy Court issued an order sanctioning Friendly Finance's counsel under Rule 9011(b)-(c), and dismissing its Complaint as moot.

## II. ISSUES ON APPEAL

Friendly Finance presents two issues for review:

---

[3]Title 11, United States Code Section 727(a)(8) states in pertinent part that: "The court shall grant the debtor a discharge, unless the debtor has been granted a discharge under this section . . . in a case commenced within 8 years before the date of the filing of the petition." At the time of Mr. Williams' discharge, the statute provided for a six-year bar. However, there is no dispute that Mr. Williams was prevented from receiving a second discharge under the previous statute or as amended in 2005.

2

(1) Did the Bankruptcy Court err as a matter of law in ruling that Friendly Finance's counsel, David C. McMillin, committed sanctionable conduct under Rule 9011(b)-(c)?

(2) Did the Bankruptcy Court err as a matter of law in ruling that the Complaint instituted by Friendly Finance against Mr. Williams was moot and therefore subject to dismissal?

### III. LAW AND ANALYSIS

#### A. Jurisdiction

The Court's jurisdiction to hear appeals from orders of the bankruptcy court is conferred by 28 U.S.C. § 158(a)(1), which provides in part that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees . . . . An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a).

#### B. Standard of Review

A federal district court reviewing a bankruptcy court's decision acts as an appellate court and thus applies the same standard of review generally used by a federal court of appeals. *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992). The bankruptcy court's "decision to impose sanctions is discretionary" and examined under an abuse of discretion. *See Matter of Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 613 (5th Cir. 1997). The bankruptcy court's findings of fact are examined under the clearly erroneous standard. *In re Young*, 995 F.2d 547, 548 (5th Cir. 1993). Factual findings are reversed only if, based on all of the evidence, the court is left "with the definite and firm conviction that a mistake has been made." *Id.* The bankruptcy court's conclusions of law, as well as mixed questions of law and fact, are subject to de novo review. *Matter of Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000).

## C. Analysis

### 1. Sanctions under Rule 9011

Friendly Finance argues that the bankruptcy judge erred when it sanctioned its counsel for filing a Complaint against Mr. Williams on July 12, 2005. Rule 9011(b) and (c) reads in pertinent part:

> (b) Representations to the court
>
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or by a establishment of new law;
> >
> > (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on lack of information or belief.
>
> (c) Sanctions
>
> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Bankr. P. 9011(b) and (c).

Friendly Finance argues that its intent in filing the Complaint against Mr. Williams was to prove that, in accordance with 11 U.S.C. § 524(a)(3) and (b), he was not entitled to a discharge that would prevent an injunction against post-discharge collection of the Williams' community

assets.

Title 11, United States Code Section 524(a)(3) and (b) reads in pertinent part:

(a) A discharge in a case under this title–

. . .

>(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

(b) Subsection (a)(3) of this section does not apply if–

. . .

>(2)(A) the court would not grant the debtor's spouse a discharge in a case under chapter 7 of this title concerning such spouse commenced on the date of the filing of the petition in the case concerning the debtor . . .

11 U.S.C. § 524(a)(3) and (b).

Many bankruptcy judges and commentators have had difficulty in applying the convoluted language of 11 U.S.C. § 524. However, the analysis provided in *Collier on Bankruptcy* may be "the clearest statement of the purpose of this section, and therefore what Congress intended." *See In re Braziel*, 127 B.R. 156, 157 (W.D. Tex. 1991). *Collier* states in pertinent part:

>In short, Congress has chosen to grant fresh-start protection for after-acquired community property when both spouses are innocent of any *wrong doing*, although one spouse chooses not to file a bankruptcy case. In the other situation, when a *wrongdoer* seeks to hide behind his or her spouse's discharge, a partial discharge for the non-debtor is denied, and after acquired community property remains liable for the debts of the non-discharged spouse thereby frustrating the innocent spouse's fresh start. It is clear that the intent of these sections is that in community property states where one spouse is in bankruptcy and

5

one is not, if no claim is determined to be non-dischargeable from the debtor's discharge and the debtor's spouse would not have had a claim excepted from his or her discharge in a hypothetical case commenced on the same day as the debtor's case, then creditors of either spouse holding community claims on the date of bankruptcy are thereafter barred from asserting such claims against after-acquired community property. But, when either the debtor has incurred a non-dischargeable debt or the debtor's spouse would have had a debt declared non-dischargeable in a hypothetical case commenced on the same day as that of the debtor, the non-dischargeable debt of either spouse will survive against the after-acquired community property.

*Id.* at 158 (citing *3 Collier on Bankruptcy* 524.12-14 (15th ed.)) (Emphasis added).

The bankruptcy judge found that Friendly Finance's Complaint was deficient. The Complaint merely stated that, "[u]nder the provisions of Section 727, the debtor [Mr. Williams] cannot obtain a discharge in this case and his discharge should be denied." *See* Compl. ¶ 4. Based on this statement, the bankruptcy judge found that the Complaint only tested Mr. Williams' eligibility for discharge. The Complaint did not allege any wrong doing, did not mention the test for hypothetical discharge for Mr. Williams, and did not even mention 11 U.S.C. § 524. As a result, in accordance with Rule 9011(b)-(c), the bankruptcy judge sanctioned Friendly Finance's counsel for failing to appropriately examine the records in the bankruptcy case to determine that its Complaint–that Mr. Williams was not entitled to discharge–had been resolved by the Bankruptcy Court in its order on May 11, 2005.[4]

Friendly Finance argues that the law does not require the Complaint to allege any wrong

---

[4]The bankruptcy judge also listed several other cases where it had admonished Friendly Finance's counsel about properly pleading matters and appropriately reviewing the record before filing pleadings. These cases include: (1) *Control Services, Inc., v. Chason*, Adversary Proceeding No. 04-3014 (Reasons for Decision 2005); (2) *Friendly Finance Discount Corp. v. Willis M. Burnett*, Adversary Proceeding No. 04-3028 (Order to Show Cause, Feb. 16, 2005); (3) *Friendly Finance Mid-City Inc., v. Moore*, Adversary Proceeding No. 02-3049 (Reasons for Decision 2003); (4) *Friendly Finance Mid-City Inc., v. Winn*, Adversary Proceeding No. 00-3032 (Reasons for Decision 2001); and (5) *Friendly Finance Discount Corp. v. Robinson*, Adversary Proceeding No. 99-3036 (Reasons for Decision 2001).

6

doing nor demonstrate that Mr. Williams is a hypothetical debtor. It argues that the Complaint only needs to state a claim for relief under 11 U.S.C. § 727.

The Court is not persuaded. The great weight of authority indicates that either 11 U.S.C. § 524 or some allegation of wrong doing must be pled to alert the bankruptcy court in an adversary proceeding that the complainant is challenging the post-discharge injunction. *See 3 Collier on Bankruptcy* P 524 (15th ed. rev.); *In re Smith*, 140 B.R. 904, 907-10 (Bankr. D. N.M. 1992); *In re Dyson*, 277 B.R. 84 (Bankr. M.D. La. 2002); *In re Kastner*, 197 B.R. 620 (Bankr. E.D. La. 1996); *In re Marusic*, 139 B.R. 727, 731-32 (Bankr. W.D. Wash. 1992); *In re LeSueur*, 53 B.R. 414, 415-16 (Bankr. Ariz. 1985); *In re Grimm*, 82 B.R. 989, 992-94 (Bankr. W.D. Wis. 1988).

On the face of the Complaint, Friendly Finance merely alleged that Mr. Williams was not entitled to discharge. Without more, the bankruptcy judge was unable to decipher Friendly Finance's intentions. Because Friendly Finance's counsel had been admonished on several previous occasions about filing inappropriate pleadings, and because the instant Complaint appeared to address an issue previously decided, the Court finds that the bankruptcy judge did not err as a matter of law when it sanctioned Friendly Finance's counsel.

**2.     Dismissal of the Complaint**

Friendly Finance next argues that the bankruptcy judge erred as a matter of law by dismissing its Complaint as moot. It argues that it was required to file the Complaint in accordance with 11 U.S.C. § 524(b)(2) to preserve its ability to collect against the post-discharge injunction on the Williams' community assets.

The Court finds that Friendly Finance's argument is without merit. The bankruptcy judge dismissed the instant Complaint as moot because, on its face, the issue of Mr. Williams'

7

ineligibility for a bankruptcy discharge was already decided. However, the bankruptcy judge did not prohibit Friendly Finance from filing a properly pled complaint against Mr. Williams that sufficiently alerts the Bankruptcy Court to an adversary proceeding in accordance with 11 U.S.C. § 524.

The bankruptcy judge's sanctions merely require Friendly Finance to seek leave from the Bankruptcy Court before filing future complaints.[5] For the reasons previously stated, the Court finds that the bankruptcy judge did not err as a matter of law when it dismissed Friendly Finance's Complaint as moot.

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's Judgment of September 8, 2005, is AFFIRMED, and Friendly Finance's Appeal [Doc. No. 1] is DENIED.

MONROE, LOUISIANA, this 21st day of March, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[5] The Bankruptcy Court ordered that Friendly Finance should address in the motion for leave: (1) the bar date for the filing of complaints to the discharge or dischargeability; (2) whether the bar date has been extended pursuant to Rules 4004 and 4007; (3) whether or not an examination of the debtor(s) and any related entity has been scheduled under Rule 2004; and (4) *any anticipated allegations of fraud shall be summarized in the motion* in accordance with Federal Rule of Civil Procedure 9(b), made applicable to Adversary Proceedings in bankruptcy pursuant to Rule 7009. *See* Order From the Hearing on Order to Show Cause, Sept. 8, 2005. (emphasis added).